IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00166-BNB

MICHAEL FRANCIS MAXSWEEN,

      Applicant,

v.

MICHAEL MILLER, Superintendent, Crowley County Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Michael Francis Maxsween, is a prisoner at the Crowley County

Correctional Facility in Olney Springs, Colorado.  Mr. Maxsween filed *pro se* an

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 4)

challenging the judgment of conviction imposed by the Mesa County District Court in

case number 00CR115.

On May 14, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file

a pre-answer response limited to addressing the affirmative defenses of timeliness

under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28

U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in

this action.  After Judge Boland granted an extension of time to file a response,

Respondents filed their Pre-Answer Response (ECF No. 18) arguing that the application

is untimely and the claims are procedurally defaulted.  Judge Boland granted an

extension of time to reply to the Pre-Answer Response, and Mr. Maxsween filed a Reply

(ECF No. 21).  On July 29, 2014, Judge Boland ordered Respondents to supplement

the Pre-Answer Response.  (*See* ECF No. 22.)  Judge Boland granted an extension of

time, and Respondents filed their Supplement to Pre-Answer Response (ECF No. 26).

Judge Boland granted two extensions of time to reply to the Supplement, and Mr.

Maxsween filed his Reply to the Supplemented Pre-Answer Response (ECF No. 31) on

October 16, 2014.

The Court must construe Mr. Maxsween's filings liberally because he is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an

advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the Court will dismiss the action as barred by the one-year limitation period

under 28 U.S.C. § 2244(d).

## I.  Background

On July 8, 2002, Mr. Maxsween was convicted by a jury of sexual assault on a

child, sexual assault on a child while in a position of trust, and sexual assault on a child

as part of a pattern of abuse.  (*See* ECF No. 18-4 at 4.)  The state district court imposed

indeterminate sentences of six years to life, four years to life, and ten years to life, to be

served concurrently.  (ECF No. 18-1 at 18-19.)

On May 27, 2004, the Colorado Court of Appeals affirmed the judgment but

vacated the sentence and remanded for resentencing.  (ECF No. 18-4 at 4, 20-22.)  On

May 26, 2005, the state district court resentenced Mr. Maxsween to concurrent

sentences of eight years to life, two years to life, and eight years to life.  (ECF No. 18-1

at 16.)  Mr. Maxsween did not appeal.

On January 11, 2006, Mr. Maxsween filed a motion for postconviction relief under Colo. Crim. P. 35(c).  (ECF No. 18-1 at 15; ECF No. 18-9 at 2.)  On August 14, 2006, the state district court denied the motion.  (ECF No. 18-1 at 14.)  Mr. Maxsween then filed a motion purportedly pursuant to Colo. R. Civ. P. 60(b) on December 27, 2006. (*Id.*)  The state district court treated the motion as a Rule 35(c) motion, denied as successive all the claims Mr. Maxsween had previously raised in his first postconviction motion, and denied the two new claims – that he was entitled to a proportionality review of his sentence and that he could not be sentenced under the Colorado Sex Offender Lifetime Supervision Act of 1998 – on the merits.  (ECF No. 18-9 at 2-3.)

On March 22, 2007, Mr. Maxsween filed a notice of appeal, challenging the state district court's orders denying his January 2006 motion and his December 2006 motion. (ECF No. 18-1 at 13; ECF No. 18-7.)  On May 22, 2008, the Colorado Court of Appeals dismissed the appeal of the January 2006 postconviction motion as untimely, and affirmed the state district court's order denying his December 2006 motion because the motion was properly treated as a postconviction motion and Mr. Maxsween's claims were successive because they either were or could have been raised in his first motion. (ECF No. 18-9 at 3-4.)  The Colorado Supreme Court denied certiorari review on September 2, 2008.  (ECF No. 18-11.)

From September 17, 2008, through May 11, 2010, Mr. Maxsween filed numerous documents with the state district court, including letters of inquiry, a "Notice . . . of Fault and Opportunity to Cure and Contest Acceptance," an "Affidavit of Notice of Dishonor Default and of Res Judicate," and a "Notice/Conditional Acceptance and Demand in Admiralty."  (*See* ECF No. 18-1 at 11-13.)  The state district court denied all of these

3

requests, finding that it was "under no legal obligation to respond to interrogatories or offer legal opinions when nothing is pending before the court," and that the filings had no legal basis and were largely nonsense.  (*Id.)*

On June 14, 2010, Mr. Maxsween filed a motion for appointment of conflict-free counsel in postconviction proceedings and a motion for free transcripts.  (ECF No. 18-1 at 11.)  The court denied both motions.  (*Id.*)  Mr. Maxsween and his parents continued to file several documents with the state district court.  (*Id.*)

On April 20, 2011, Mr. Maxsween filed a motion for postconviction relief under Colo. Crim. P. 35(a), a motion for postconviction relief under Colo. Crim. P. 35(c), and a request for counsel.  (ECF No. 18-1 at 10-11; ECF No. 18-13 at 3.)  On June 9, 2011, the state district court denied both postconviction motions but granted Mr. Maxsween's request for counsel for purposes of appeal.  (ECF No. 18-1 at 10; ECF No. 18-13 at 4.)  On April 25, 2013, the Colorado Court of Appeals affirmed the state district court's order denying his postconviction motions.  (ECF No. 18-13.)  On December 9, 2013, the Colorado Supreme Court denied certiorari review.  (ECF No. 18-15).

Mr. Maxsween initiated the instant action on January 21, 2014, by submitting a "Motion for Leave to File for Extension of Time." (ECF No. 1.)  On March 25, 2014, Mr. Maxsween filed his § 2254 Application.  (*See* ECF No. 4.)  He asserts the following six claims:

> (1) Applicant's due process rights were violated because the charging document failed to provide fair notice;
>
> (2) Applicant's constitutional right against double jeopardy was violated because he was charged with multiplicity in the charging document and found guilty for the same conduct and incident;

4

(3) Applicant was deprived of the right to a full and fair sentencing hearing;

(4) Applicant's constitutional rights were violated when the postconviction court erroneously denied appointment of postconviction counsel when his claims had arguable merit;

(5) Applicant's constitutional rights were violated when the postconviction court erroneously denied his right to an evidentiary hearing; and

(6) Applicant's due process rights and equal protection rights were violated when the postconviction court erroneously denied his motions for postconviction relief as successive.

(ECF No. 4 at 19-26.)

On June 6, 2014, Mr. Maxsween filed a "Motion for the Appointment of Counsel"

(ECF No. 17) and a supplement to his § 2254 Application (ECF No. 16) adding the

following claims:

(7) ineffective assistance of trial counsel by failing to: (a) introduce a taped conversation between applicant's father and the victim's mother; (b) admit the victim's prior false allegations of sexual assault; (c) call witnesses to provide exculpatory testimony; (d) investigate; (e) provide the court with a proper theory of defense instruction; (f) object to the jury instructions; (g) protect applicant's double jeopardy rights on counts two and five; (h) protect applicant from being convicted on the pattern count; (I) forward a theory of mens rea; (j) provide a proper unanimity instruction; (k) object to the multiplicity of the charging document; (l) "challenge the ex post facto charge"; (m) "investigate and call witnesses and . . . interview the alleged victim or their witnesses"; (n) provide expert psychological testimony; (o) "challenge surcharges"; (p) demand a victim impact statement; (q) object to errors in the presentence report or obtain a new report; (r) subpoena the report's author; (s) familiarize himself with state sentencing law; and (t) make a proper offer of proof on the victim's alleged false report of sexual abuse;

(8) ineffective assistance of direct appeal counsel by failing to disclose that he could not raise a claim of ineffective assistance of trial counsel;

(9) errors in the jury instructions and verdict forms resulted in an unconstitutional conviction and sentence; and

(10) prosecutorial misconduct and malicious prosecution.

(ECF No. 16.)

**II. Timeliness**

Respondents first argue that this habeas corpus action is untimely pursuant to

the one-year limitation period in 28 U.S.C. § 2244(d).  That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant
> to the judgment of a State court.  The limitation period shall
> run from the latest of–
>
>> (A)  the date on which the judgment became
>> final by the conclusion of direct review or the
>> expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing
>> an application created by State action in
>> violation of the Constitution or laws of the
>> United States is removed, if the applicant was
>> prevented from filing by such State action;
>>
>> ©  the date on which the constitutional right
>> asserted was initially recognized by the
>> Supreme Court, if the right has been newly
>> recognized by the Supreme Court and made
>> retroactively applicable to cases on collateral
>> review; or
>>
>> (D)  the date on which the factual predicate of
>> the claim or claims presented could have been
>> discovered through the exercise of due
>> diligence.
>
> (2)  The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the

date on which the judgment in Mr. Maxsween's criminal case became final.  *See* 28

U.S.C. § 2244(d)(1)(A).  Respondents assert that the judgment became final, and the

one-year limitation period began to run on July 11, 2005,[1] when the time expired to

appeal the May 26, 2005 sentence.  (ECF No. 18 at 7.)  In his Reply, Mr. Maxsween

alleges that the sentencing court failed to advise him of his constitutional right to appeal

his sentence pursuant to Colo. Crim. P. 32(c) at the resentencing hearing on May 26,

2005.  Mr. Maxsween argues that, therefore, the time for filing an appeal never

commenced, that his judgment of conviction has not yet become final, and his habeas

application is not time-barred.  (ECF No. 21 at 1-2.)  In the July 29, 2014 Order to File

Supplement to Pre-Answer Response, Judge Boland identified this argument and

directed Respondents to supplement their time-bar argument.  In the Supplement,

Respondents contend that Mr. Maxsween's argument is unavailing.  First, Respondents

assert that Mr. Maxsween is not entitled to the benefit of the non-finality rule in *Jimenez*

*v. Quarterman,* 555 U.S. 113 (2009), because Mr. Maxsween never sought to reopen

direct review following his May 2005 resentencing.  (*See* ECF No. 26 at 3-6.)

In *Jimenez,* the United States Supreme Court held:

> [W]here a state court grants a criminal defendant the right to file an out-of-
> time appeal during collateral review, but before the defendant has first
> sought federal habeas relief, his judgment is not yet "final" for purposes of
> § 2244(d)(1)(A).  In such a case, "the date on which the judgment became
> final by the conclusion of direct review" must reflect the conclusion of the
> out-of-time direct appeal, or that expiration of the time for seeking review
> of that appeal.

*Id.* at 121.  However, "the *possibility* that a state court *may* reopen direct review 'does

---

[1]The forty-fifth day after May 26, 2005, was Sunday, July 10, 2005.  Therefore, the filing deadline extended until Monday, July 11, 2005.  *See* Fed. R. Civ. P. 6(a)(1) & (6).

not render convictions and sentences that are no longer subject to direct review

nonfinal.'" *Id.* at 120 n.4 (emphasis added).  Rather, it is only where a state court

actually reopens direct review before the petitioner files his federal habeas petitioner

that the order granting an out-of-time appeal restores the pendency of the reopened

appeal and the conviction is no longer final for purposes of § 2244(d)(1)(A).  *Id.*

Here, Mr. Maxsween did not request a new appeal, the state courts did not grant

Mr. Maxsween leave to file an untimely appeal, and the nonfinality rule established in

*Jimenez* does not apply.  Thus, as a threshold matter and outside of any exceptions, the

initial "conclusion of direct review or the expiration of the time for seeking such review,"

28 U.S.C. § 2244(d)(1)(A), in Mr. Maxsween's case was July 11, 2005.  Under the

"anniversary method," the one-year limitations period would have begun running the

next day, July 12, 2005, and, absent any tolling, would have ended on July 12, 2006.

*See United States v. Hurst,* 322 F.3d 1256, 1260–61 (10th Cir. 2003). The instant

petition was filed in 2014, nearly eight years after the limitations period would have

expired under the latter sequence.

Construing Mr. Maxsween's argument liberally, Mr. Maxsween also attempts to

rely on 28 U.S.C.§ 2244(d)(1)(B) to establish the event that triggers commencement of

the one-year limitations period.  Under § 2244(d)(1)(B), the one-year period begins on

"the date on which the impediment to filing an application created by State action in

violation of the Constitution or laws of the United States is removed, if the applicant was

prevented from filing by such State action."  Mr. Maxsween contends that the state

district court's failure to advise him of his appeal rights at resentencing constitutes a

state-created impediment that prevented him from timely filing his federal habeas

application.  (*See* ECF No. 21 at 1-4; ECF No. 31 at 1-9.)  Respondents argue that Mr.

Maxsween cannot establish (a) that the impediment violated the Constitution or laws of

the United States; or (b) that the impediment prevented him from filing his habeas

application.  (*See* ECF No. 26 at 6-11.)

First, other courts have held that a state court's failure to advise a defendant of

his appeal rights is not a state-created impediment to filing a *federal* habeas petition.

*See Miller v. Cason,* 49 Fed. Appx. 495, 497 (6th Cir. 2002) (unpublished); *Steward v.*

*Moore,* 555 F. Supp.2d 858, 871-72 (N.D. Ohio 2008).

Moreover, even assuming that the resentencing court's failure to advise Mr.

Maxsween of his appeal rights was a state-created impediment and that the failure to

advise violated the Constitution, Mr. Maxsween fails to demonstrate that the failure to

advise him of his rights actually prevented him from filing the instant action.  *See Irons*

*v. Estep,* 291 Fed. Appx. 136, 138 (10th Cir. 2008) (unpublished) (state-created

impediment "requires both that the state action constituting the impediment violate the

Constitution and prevent the petitioner from filing his claim"); *see also Williams v. Estep,*

259 Fed. Appx. 69, 71 (10th Cir. 2007) (unpublished) (finding that petitioner did not

identify a causal link between the alleged state-created impediment and his inability to

file a habeas petition within the appropriate time period); *Peterson v. McDonough,* No.

06-cv-664-T-30TGW, 2007 WL 1079996, at * 2 (M.D. Fla. Apr. 9, 2007) (unpublished)

(finding that failure of the trial court to advise defendant of his right to appeal did not, of

itself, *prevent* defendant from filing timely habeas petition).  Moreover, it is not enough

to claim that the alleged impediment caused the application to be untimely.  *See*

*Kerchee v. Jones,* 428 Fed. Appx. 851, 856-57 (10th Cir. 2011) (unpublished)

(allegation that the unavailability of rehearing in state court prevented petitioner from filing federal habeas application did not "comport with the fact that Mr. Kerchee has already filed a habeas petition, *albeit an untimely one."*) (emphasis added).  Rather, the alleged impediment must prevent the habeas application from being filed.

Here, Mr. Maxsween only contends that he was prevented from appealing his new sentence in state court, but he does not demonstrate how the alleged violation of Colo. Crim. P. 32(c) prevented him from filing his federal habeas application.  Mr. Maxsween in fact filed his application despite the state court's alleged impediment and thus, was not prevented from filing his § 2254 Application.  Therefore, Mr. Maxsween cannot trigger a later onset of the one-year limitations period pursuant to 28 U.S.C. § 2244(d)(1)(B).

Accordingly, the Court finds that the conclusion of direct review or the expiration of time for seeking such review was July 11, 2005, and that the one-year limitation period began to run on July 12, 2005.  Mr. Maxsween did not initiate this action within one year after July 12, 2005.  Therefore, the next question the Court must answer is whether the one-year limitation period was tolled for any amount of time.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending.  An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing,

10

> such as satisfying any filing preconditions that may have
> been imposed on an abusive filer; and (4) other conditions
> precedent that the state may impose upon the filing of a
> post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law but "does require some inquiry into relevant state procedural laws."  *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).  Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law."  *Gibson*, 232 F.3d at 804.

As noted above, on January 11, 2006, Mr. Maxsween filed a postconviction motion, which tolls the one-year limitation period under § 2244(d)(2).  Thus, the one-year limitation period was tolled from January 11, 2006, through September 2, 2008, when the Colorado Supreme Court denied certiorari review.  However, the 182 days between July 12, 2005, and January 10, 2006, count against the one-year limitation period.  Thus, when the one-year limitation period began to run again on September 3, 2008, only 183 days remained (365 - 182 = 183).

Beginning on September 3, 2008, the remaining 183 days ran unabated until the one-year limitation period expired on March 4, 2009.  Because the one-year limitation

11

period expired before Mr. Maxsween filed his second and third motions for postconviction relief on April 20, 2011, these motions did not toll the one-year limitation period.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period).  Moreover, even if the Court found that Mr. Maxsween's motions for appointment of counsel in postconviction proceedings and for free transcripts were considered properly filed state court postconviction motions, the motions were filed on June 14, 2010, which was fifteen months after the one-year limitation period expired.

Finally, the only two documents Mr. Maxsween filed between September 3, 2008, and March 4, 2009, were a letter of inquiry filed September 17, 2008, and an "Affidavit by Notice of Memorandum of Record Notice Release of Sureties" filed October 27, 2008.  (*See* ECF No. 18-1 at 12-13.)  Neither document appears to provide any substantive grounds for postconviction relief.  *See, e.g., May v. Workman,* 339 F.3d 1236, 1237 (10th Cir. 2003) (finding that postconviction motions for transcripts and petitions for writs of mandamus relating to those motions do not toll the one-year limitation period pursuant to § 2244(d)(2)); *Pursley v. Estep,* 216 F. Appx. 733, 734 (10th Cir. 2007) (unpublished) (finding that motions for appointment of counsel in postconviction proceedings pursuant to Colorado Rule 35(c) that did not state adequate factual or legal grounds for relief did not toll the one-year limitation period); *Osborne v. Boone,* No. 99–7015, 1999 WL 203523 at *1 (10th Cir. Apr. 12, 1999) (unpublished) (stating that "attempts to obtain trial records and transcripts at public expense are not collateral proceedings which would result in the tolling of the filing period under §

2244(d)(2)").  Accordingly, neither document can be considered a properly filed postconviction motion that tolls the one-year limitation period.  Therefore, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  A showing of excusable neglect is not sufficient to justify equitable tolling.  *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978). Finally, equitable tolling is available "only in rare and exceptional circumstances."  *See Coppage v. McKune,* 534 F.3d 1279, 1281 (10th Cir. 2008).

Mr. Maxsween argues that he is entitled to equitable tolling due to the resentencing court's failure to advise him of his right to appeal.  Even assuming Mr. Maxsween has been pursuing his rights diligently, the Court is not persuaded that Mr. Maxsween is entitled to equitable tolling of the one-year limitation period based on the failure to advise Mr. Maxsween of his appellate rights.  *See e.g., Johnson v. Keith,* No. 5:12-cv-2134, 2014 WL 940337, at *3 (W.D. La. Feb. 27, 2014) (finding that failure of trial judge or counsel to advise applicant of right to appeal resentencing on remand

does not amount to an extraordinary circumstances warranting the application of equitable tolling).

Mr. Maxsween also claims he is actually innocent.  To warrant tolling, however, claims of actual innocence must be supported with "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."  *Schlup v. Delo,* 513 U.S. 298, 324 (1995). Mr. Maxsween sets forth no evidence that meets this standard.

For these reasons, the Court finds no basis for equitable tolling in this action. Therefore, the action will be dismissed as barred by the one-year limitation period. Because the Court finds that the action is untimely, the Court need not address Respondents' argument that Mr. Maxsween's claims also are procedurally defaulted.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 4) is denied and the action is dismissed as barred by the one-year limitation period.  It is

FURTHER ORDERED that the Motion Correcting an Error in Applicant's Reply Brief (ECF No. 23) is granted as the Court considered the correction in reaching its decision.  It is

FURTHER ORDERED that the Motion for the Appointment of Counsel (ECF No. 17) is denied as moot.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this _27th_ day of ____October_____, 2014.

BY THE COURT:


__ s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court