IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00166-LTB

MICHAEL FRANCIS MAXSWEEN,

     Applicant,

v.

MICHAEL MILLER, Superintendent, Crowley County Correctional Facility,
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

ORDER

---

This matter is before the Court on the motion titled "Stay of the Order of the District Court Pending Appeal Under Federal Rules of Civil Procedure (F.R.A.P.) Rule 8" (ECF No. 39) filed on December 1, 2014.  Applicant seeks an order to stay the Order of Dismissal (ECF No. 32) and Judgement (ECF No. 33) entered on October 27, 2014. On November 19, 2014, Applicant filed a Notice of Appeal with the United States Court of Appeal for the Tenth Circuit seeking review of this Court's dismissal of his federal habeas claims as barred by the one-year limitation period under 28 U.S.C. § 2244(d). For the reasons stated below, the motion will be denied.

Generally, a district court loses jurisdiction once a litigant files a notice of appeal, but retains jurisdiction over collateral matters not involved in the appeal.  *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.  The filing of a notice of appeal is an event of jurisdictional

significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *McKissick v. Yuen,* 618 F.3d 1177, 1196 (10th Cir. 2010); *Garcia v. Burlington N.R. Co.,* 818 F.2d 713, 721 (10th Cir. 1987) ("In collateral matters not involved in the appeal, . . . the district court retains jurisdiction . . . For example, even after a timely notice of appeal is filed, a district court may retain jurisdiction to determine the propriety and amount of attorney's fees.").

As noted above, Applicant has filed a Notice of Appeal seeking review of this Court's Order of Dismissal of his habeas action as barred by the one-year limitation period under 28 U.S.C. § 2244(d).  Thus, the Court finds that the issue of whether a stay of this action is warranted is not collateral to the issue on appeal—the dismissal of Applicant's federal habeas claims as time-barred  Thus, this Court lacks jurisdiction required to issue the requested stay.  The Court further notes that nothing prevents Applicant from pursuing his state court remedies with respect to his "Rule 32(c) argument."

Accordingly, it is

ORDERED that the motion titled "Stay of the Order of the District Court Pending Appeal Under Federal Rules of Civil Procedure (F.R.A.P.) Rule 8" (ECF No. 39) filed on December 1, 2014 is denied.

DATED at Denver, Colorado, this   3rd   day of    December          , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court